[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence November 19, 1993 Date of Application November 19, 1993 Date Application Filed November 19, 1993 Date of Decision April 22, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR 7-142192
Erskine D. McIntosh, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner then 46 years of age, pleaded guilty to the following:
Aggravated Sexual Assault, 1st degree (§ 53a-70 (a)(1).
Kidnaping, 1st degree (§ 53a-92 (a)(2)(B).
Assault, 1st degree (§ 53a-59 (a)(1). CT Page 5921
He was sentenced to 20 years for the sexual assault and 10 years on each of the other two counts, consecutively, for a total effective sentence of 40 years.
On November 2, 1991, the petitioner, who worked as a maintenance worker for a medical practice, called the victim, identifying himself as a doctor and asked the victim to come to the clinic at 5:30 p. m. for treatment for her headaches. When she got there only the petitioner was there. Using a screw driver as a weapon he raped the victim, forcing her back into her car. When she refused further sexual acts, he stabbed her with the screwdriver in the ear and chest. She sustained serious physical injuries, including a collapsed lung and permanent ear damage. There was also a severe psychological impact to the victim. The 40 year sentence was a court indicated sentence (with a right to argue for less). Defense counsel asks the Division to run all the sentences concurrently. He states the petitioner has significant psychiatric problems including multiple personality disorder and the sentence imposed will not provide him with appropriate medical treatment.
It is noted that the petitioner was examined at the Whiting Forensic Institute prior to sentencing but that facility did not recommend or accept him for placement there.
The sentencing Court noted that the petitioner is an extremely dangerous person who probably should never be released back into society. The Division agrees with that assessment and concludes the sentence was clearly appropriate and proportionate.
In 1972, the petitioner was sentenced in New York to a term of 8 to 25 years. He was paroled in 1989. This present crime is a parole violation. That case involved the tying up, rape and robbery of a victim in her apartment.
He had a second conviction for robbery, 3rd degree in New York that same year. However the reported facts are that he raped and robbed that second victim in her apartment as well, then tried to force pills into her mouth to make it look like an overdose. He received a concurrent sentence for this conviction.
There was also a third robbery conviction in 1972 in New York, but the reported facts were a knife point rape and robbery of that victim. CT Page 5922
Further, while out on bond in those cases, the petitioner attempted to tie up a fourth victim at knife point. That victim fled, going through a window and falling from a fire escape. That incident led to a concurrent sentence on an assault conviction.
The sentencing Court in this case clearly had reason to weigh public protection as a paramount consideration for this sentence.
For the foregoing reasons, and pursuant to the standards of review in § 942 of the practice Book, the sentence is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.